IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

MARLON GUTIERREZ,

    Defendant.

Case No. 17-CR-20007-JAR-4

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant's pro se Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) based on Amendment 821 to the United States Sentencing Guidelines (Doc. 365). Specifically, Defendant's motion asserts he is entitled to a sentence reduction based upon the fact he is a "Zero-Point Offender." The motion is fully briefed, and the Court is prepared to rule. For the reasons discussed below, the Court dismisses Defendant's motion.

**I.    Facts**

On February 26, 2019, Defendant waived indictment and pled guilty to a violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(viii), 860a, and 846; namely, conspiracy to possess with the intent to distribute 50 grams or more of methamphetamine.[1] On October 6, 2020, the Court[2] sentenced Defendant to 260 months' imprisonment.[3] Defendant appealed, and the Tenth Circuit

---

[1] Doc. 169.

[2] This case was transferred to the undersigned on February 20, 2020. Doc. 262.

[3] Doc. 290 at 2.

Court of Appeals granted the government's motion to enforce the appeal waiver contained in the plea agreement.[4]

On March 28, 2022, Defendant filed a pro se motion requesting compassionate release under 18 U.S.C. § 3582(c)(1)(A) on the basis that his medical conditions, age, and gender placed him at an increased risk of severe illness from COVID-19.[5]  The Court denied the motion, finding that Defendant's "vaccination status mitigates his risk such that his medical conditions do not present an extraordinary and compelling reason for a sentence reduction."[6]

On January 22, 2024, Defendant filed the instant motion seeking a reduction in his sentence based on the fact that he is a "Zero-Point Offender."[7]

## III.    Standard

"A district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization."[8]  Section 3582 allows for a possible sentence reduction for a defendant "who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission."[9]

Additionally, the Sentencing Commission amended the United States Sentencing Guidelines effective November 1, 2023.[10]  Part A of Amendment 821 limits the criminal history impact of "status points," and Subpart 1 of Part B of Amendment 821 creates a new guideline, §

---

[4] *See United States v. Gutierrez*, 845 F.3d 793, 794–95 (10th Cir. 2021).

[5] Doc. 347.

[6] Doc. 352 at 4.

[7] Doc. 365.

[8] *United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir. 1997).

[9] *See* 18 U.S.C. § 3582(c)(2).

[10] U.S. Sent'g Guidelines Manual (U.S. Sent'g Comm'n 2023).

4C1.1, that provides for a decrease of two offense levels for "Zero-Point Offenders."[11]  With respect to the guideline for Zero-Point Offenders, a defendant is eligible for a two-level reduction in his offense level if he or she meets all the following criteria:

> (1) the defendant did not receive any criminal history points from Chapter Four, Part A;
> (2) the defendant did not receive an adjustment under § 3A1.4 (Terrorism);
> (3) the defendant did not use violence or credible threats of violence in connection with the offense;
> (4) the offense did not result in death or serious bodily injury;
> (5) the instant offense of conviction is not a sex offense;
> (6) the defendant did not personally cause substantial financial hardship;
> (7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
> (8) the instant offense of conviction is not covered by § 2H1.1 (Offenses Involving Individual Rights);
> (9) the defendant did not receive an adjustment under § 3A1.1 (Hate Crime Motivation or Vulnerable Victim) or § 3A1.5 (Serious Human Rights Offense); and
> (10) the defendant did not receive an adjustment under § 3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848 . . . ."[12]

### III.  Discussion

Defendant's motion, construed liberally, seeks a reduction in sentence based on Amendment 821 to the United States Sentencing Guidelines pursuant to 18 U.S.C. § 3582(c)(2). As noted, Defendant maintains that he was assigned no criminal history points and that, accordingly, he is a Zero-Point Offender entitled to a decrease of two offense levels.

---

[11] U.S. Sent'g Guidelines Manual app. C Supp., amend. 821 (U.S. Sent'g Comm'n 2023).

[12] *See* U.S.S.G. § 4C1.1(a).

However, as the government correctly argues, Defendant fails to meet Amendment 821's eligibility requirements.

Defendant fails to qualify for a retroactive reduction under U.S.S.G. 4C1.1 because he possessed a firearm in connection with the relevant offense.[13] Indeed, Defendant received a two-level enhancement for utilizing a firearm during the commission of his offense.[14]

In addition, the government correctly maintains that Defendant is not otherwise eligible for a sentence reduction because even if Amendment 821 allowed a 2-level reduction in Defendant's sentence, his amended guideline range would be higher than the 260-month sentence he received. As the government points out, "[b]ased upon a total offense level of 41 and a criminal history category of I, the defendant's amended guideline imprisonment range is 324-405. . . . The minimum sentence under an amended guideline range is 324 months, 64 months *greater than* the sentence the defendant received."[15]

Thus, the changes to the United States Sentencing Guidelines based on Amendment 821 are inapplicable to Defendant. Because the sentence reduction is not authorized, the Court lacks jurisdiction to reduce Defendant's sentence.[16]

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant's Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) based on Amendment 821 to the United States Sentencing Guidelines (Doc. 365) is **dismissed**.

---

[13] U.S.S.G. § 4C1.1(a)(7) (stating that the adjustment for certain zero-point offenders applies only if the defendant did not possess firearm or other dangerous weapon in connection with offense); *United States v. Verdin-Garcia*, No. 05-20017-01, 2024 WL 554043, at *2 (D. Kan. Feb. 12, 2024) (holding the defendant was ineligible for an Amendment 821 reduction because he received a sentencing enhancement for using firearms during the offense).

[14] *See* PSR, Doc. 233 ¶ 95.

[15] Doc. 366 at 5 (emphasis in original) (citing U.S.S.G. § 1B1.10(b)(2)(A) ("[T]he court shall not reduce the defendant's term of imprisonment . . . to a term that is less than the minimum of the amended guideline range . . . .")).

[16] *See United States v. White*, 765 F.3d 1240, 1242 (10th Cir. 2014).

**IT IS SO ORDERED.**

Dated: April 1, 2024

                                                s/ Julie A. Robinson
                                                JULIE A. ROBINSON
                                                UNITED STATES DISTRICT JUDGE