## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

     Plaintiff,

     v.                               Case No. 17-20007-04-JAR

MARLON GUTIERREZ,

     Defendant.

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendant Marlon Gutierrez's second *pro se* Motion for Compassionate Release (Doc. 375).[1]  The Government has filed a response brief. Defendant did not reply.  As explained more fully below, the Court dismisses Defendant's motion for failure to exhaust his administrative remedies.

### I.    Background

On February 26, 2019, Defendant waived Indictment and pleaded guilty to an Information charging him with conspiracy to possess with intent to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and 846.[2]  On October 6, 2020, the Court imposed a sentence of 260 months' imprisonment, followed by five years' supervised release.[3]  This sentence was less than life in prison, which was the sentencing guideline range found by the Court, based on a total offense level of 43 and a criminal history category I.[4]

---

[1] Because Defendant appears *pro se*, the Court construes his pleadings liberally and holds them "to a less stringent standard than formal pleadings drafted by lawyers."  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  But the Court will not act as his advocate.  *Id.*

[2] Docs. 166, 167, 168 and 169.

[3] Doc. 290.

[4] Doc. 291.

The Court denied Defendant's first motion for compassionate release in which he argued that his medical conditions, age and gender placed him at an increased risk of contracting COVID-19.[5]  The Court also denied Defendant's petition for relief under Amendment 821, finding he was not eligible for relief because he received a two-level enhancement under the Sentencing Guidelines for using a firearm during the commission of the offense.[6]

Defendant now asks the Court to reduce his sentence based on the poor conditions of his confinement, because under the current sentencing scheme he would be safety-valve eligible and would receive a lesser sentence, and because his rehabilitation provides an extraordinary and compelling reason for early release.

Defendant's scheduled release date is June 11, 2035.

## II.    Legal Standard

"'Federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed, but th[at] rule of finality is subject to a few narrow exceptions.'  One such exception is contained in § 3582(c)(1)."[7]  Section 3582(c)(1)(A), as amended by the First Step Act of 2018,[8] permits a court to reduce a term of imprisonment "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [Bureau of Prisons] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."  Before reducing a term of imprisonment, a court must find that (1) "extraordinary and compelling reasons warrant" a sentence reduction, (2) such a reduction "is consistent with

---

[5] Doc. 352 at 2.

[6] Doc. 371 at 4.

[7] *United States v. Maumau*, 993 F.3d 821, 830 (10th Cir. 2021) (alteration in original) (quoting *Freeman v. United States*, 564 U.S. 522, 526 (2011)).

[8] Pub. L. No. 115-391, 132 Stat. 5194.

applicable policy statements issued by the Sentencing Commission," and (3) the applicable

sentencing factors set forth in 18 U.S.C. § 3553(a) support such a reduction.[9]  The court may

deny a § 3582(c)(1)(A) motion "when any of the three prerequisites listed in § 3582(c)(1)(A) is

lacking and do[es] not need to address the others."[10]  If the court grants the motion, however, it

must address all three steps.[11]

## III.    Discussion

Section 3582(c)(1)(A)'s exhaustion requirement is a mandatory claim-processing rule

that the government may waive or forfeit.[12]  But when "properly invoked," mandatory claim-

processing rules "must be enforced."[13]  Here, the Government argues that this Court must

dismiss Defendant's motion without reaching the merits because he fails to show that he has

satisfied the statute's exhaustion requirement.  Defendant offered no evidence of exhaustion in

his motion, and he did not file a reply responding to the Government's invocation of the

exhaustion rule.  Because the exhaustion requirement is a mandatory condition that has been

properly invoked by the Government, the Court must dismiss Defendant's compassionate release

motion without prejudice to refiling if and when he exhausts his administrative remedies.[14]

---

[9] 18 U.S.C. § 3582(c)(1)(A); *see United States v. McGee*, 992 F.3d 1035, 1042 (10th Cir. 2021).

[10] *United States v. Hald*, 8 F.4th 932, 942 (10th Cir. 2021) (emphasis omitted) (quoting *McGee*, 992 F.3d at 1043).

[11] *McGee*, 992 F.3d at 1043 (citation omitted).

[12] *United States v. Hemmelgarn*, 15 F.4th 1027, 1031 (10th Cir. 2021).

[13] *Hamer v. Neighborhood Hous. Servs. of Chi.*, 538 U.S. 17, 20 (2017); *see also United States v. Johnson*, 849 F. App'x 750, 752–53 (10th Cir. 2021) (explaining that the statute's exhaustion rule "is mandatory, rather than judicially waivable"); *United States v. Gieswein*, No. 21-6056, 2021 WL 4852420, at *2 n.2 (10th Cir. Oct. 19, 2021) ("[Section 3582(c)(1)(A)'s] exhaustion requirement, though nonjurisdictional, remains a mandatory claim-processing rule that the court must enforce when the government invokes it, as it does here.").

[14] *See United States v. Purify*, No. 20-5075, 2021 WL 5758294, at *4 n.3 (10th Cir. Dec. 3, 2021) ("Like dismissals for lack of jurisdiction, dismissals for failure to exhaust are ordinarily without prejudice.").

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant Marlon Gutierrez's Motion for Compassionate Release (Doc. 375) is **dismissed without prejudice to refiling** once he has exhausted his administrative remedies.

**IT IS SO ORDERED.**

Dated: October 31, 2024

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE