IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

     Plaintiff,

     v.

MARLON GUTIERREZ,

     Defendant.

Case No. 17-CR-20007-JAR-4

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant's second pro se Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 to the United States Sentencing Guidelines (Doc. 382). For the reasons discussed below, the Court dismisses Defendant's motion.

### I.    Facts

On February 26, 2019, Defendant waived indictment and pled guilty to a violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(viii), 860a, and 846; namely, conspiracy to possess with the intent to distribute and distribution of 50 grams or more of methamphetamine.[1] On October 6, 2020, the Court[2] sentenced Defendant to 260 months' imprisonment.[3] Defendant appealed, and the Tenth Circuit Court of Appeals granted the Government's motion to enforce the appeal waiver contained in the plea agreement.[4]

---

[1] Doc. 169.

[2] This case was transferred to the undersigned on February 20, 2020. Doc. 262.

[3] Doc. 290 at 2.

[4] See United States v. Gutierrez, 845 F. App'x 793, 794–95 (10th Cir. 2021).

Defendant has previously filed pro se motions requesting compassionate release[5] and seeking a reduction of his sentence under Amendment 821 as a zero-point offender.[6]  This Court denied Defendant's motion for compassionate release and dismissed his motion seeking a sentence reduction.  Defendant now moves for a sentence reduction under Part C of Amendment 821.

## III.    Standard

"A district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization."[7]  Section 3582 allows for a possible sentence reduction for a defendant "who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission."[8]

Additionally, the Sentencing Commission amended the United States Sentencing Guidelines effective November 1, 2023.[9]  Part A of Amendment 821 limits the criminal history impact of "status points," and Subpart 1 of Part B of Amendment 821 creates a new guideline, § 4C1.1, that provides for a decrease of two offense levels for "Zero-Point Offenders."[10]  Part C of Amendment 821 amended the commentary to U.S.S.G. § 4A1.3 to provide that a downward departure may be warranted if the defendant's criminal history category was based on certain prior misdemeanor convictions.

---

[5] Doc. 347.

[6] Doc. 365.

[7] *United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir. 1997).

[8] *See* 18 U.S.C. § 3582(c)(2).

[9] U.S. Sent'g Guidelines Manual (U.S. Sent'g Comm'n 2023).

[10] U.S. Sent'g Guidelines Manual app. C Supp., amend. 821 (U.S. Sent'g Comm'n 2023).

**III.    Discussion**

Defendant's motion for relief under Part C of Amendment 821 is misguided.  Defendant

had no prior convictions and Part C thus does not apply to Defendant.  Because the sentence

reduction is not authorized, the Court lacks jurisdiction to reduce Defendant's sentence.[11]

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant's Motion for

Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 to the United

States Sentencing Guidelines (Doc. 382) is **dismissed**.

**IT IS SO ORDERED.**

Dated: June 18, 2025

<div style="margin-left:40%">

s/  Julie A. Robinson

JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE

</div>

---

[11] *See United States v. White*, 765 F.3d 1240, 1242 (10th Cir. 2014) (explaining that a motion for sentence reduction should be dismissed on jurisdictional grounds when the court is not authorized to reduce the sentence).