IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

      Respondent,

      v.

MARLON GUTIERREZ,

      Petitioner.

Case No. 2:17-CR-20007-JAR-4

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant Marlon Gutierrez's Motion for Discovery Under Rule 6 of the Rules Governing 28 U.S.C. § 2255 Proceedings (Doc. 420). The Government opposes Gutierrez's motion, arguing his underlying claims are untimely, or, in the alternative, that no good cause exists. On April 1, 2026, the Court held a hearing on this motion, during which it heard oral argument and ruled orally. As memorialized below, Gutierrez's motion is granted.

## I.    Background

This matter is before the Court on Petitioner Marlon Gutierrez's *pro se* Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 (Doc. 388) due to (1) prosecutorial misconduct, (2) ineffective assistance of counsel at sentencing[1], and (3) newly discovered evidence of the disbarment of former Assistant United States Attorney, Terra Morehead. On January 20, 2026, the Court issued an Order (Doc. 403) appointing an attorney to represent Gutierrez in his pending § 2255 litigation pursuant to the provisions of the Criminal Justice Act,

---

[1] At the April 1, 2026, hearing, counsel for Gutierrez informed the Court he is no longer pursuing his ineffective assistance of counsel at sentencing claim (Ground Two).

18 U.S.C. § 3006A.  On March 10, 2026, by and through his counsel, Gutierrez filed a motion for discovery pursuant to Rule 6 of the Rules Governing § 2255 Proceedings.

Gutierrez seeks additional discovery on two independent grounds: (1) his prosecutor—AUSA Terra Morehead—has a judicially confirmed pattern of Sixth Amendment misconduct, and the Kansas Supreme Court disbarred her in April 2024; and (2) discovery is needed to build the timeliness record for his motion, which is governed by the newly-discovered-facts limitations period of 28 U.S.C. § 2255(f)(4).  As such, Gutierrez specifically requests the following seven categories of discovery: (1) debriefing and proffer documentation; (2) communications about drug quantity and cooperation credit; (3) communications and notes regarding family or child-custody leverage; (4) drafting history for key sentencing and cooperation filings; (5) agent and prosecutor meeting logs; (6) disciplinary records; and (7) codefendant sentencing comparators.

## II.    Standard for Section 2255 Discovery

Rule 6 of the Rules Governing Section 2255 Proceedings governs discovery matters, and provides in relevant part:

> **(a) Leave of Court Required**. A judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Criminal Procedure or Civil Procedure, or in accordance with the practices and principles of law. . . .
>
> **(b) Requesting Discovery**. A party requesting discovery must provide reasons for the request. The request must also include any proposed interrogatories and requests for admission, and must specify any requested documents.

In order to show "good  cause" under Rule 6(a), a petitioner must provide the court with "specific allegations [that] show reason to believe that the petitioner may, if the facts are fully

developed, be able to demonstrate that he is . . . entitled to relief."[2]  The purpose of Rule 6(b) is to enable the court "to make certain that the inquiry is relevant and appropriately narrow."[3] "Rule 6(a) makes it clear that the scope and extent of such discovery is a matter confided to the discretion of the District Court."[4]

### III.    Discussion

Gutierrez seeks additional discovery to support his two remaining § 2255 Grounds: (1) prosecutorial misconduct (Ground One); and (2) newly discovered evidence of the disbarment of former Assistant United States Attorney, Terra Morehead (Ground Three).  The Government argues Gutierrez is not entitled to relief on either Ground.  The Court addresses each in turn.

#### A.  Ground One Claim (Prosecutorial Misconduct)

Ground One of Gutierrez's § 2255 motion presents two categories of misconduct: (1) Morehead made coercive threats about Gutierrez's children—referencing custody, child protective services, and family consequences—to compel cooperation and dictate his plea; and (2) Morehead manipulated attributed drug quantity by weaponizing codefendants' statements; specifically, she told Gutierrez what other defendants had said, demanded that he conform his account, and tied his truthfulness determination and 5K1.1 eligibility to whether his quantity figure matched hers.

In response, the Government provides three reasons why relief should be denied:  (1) Gutierrez did not timely file his Ground One claim, so it is subject to summary dismissal even if

---

[2] *Bracy v. Gramley*, 520 U.S. 899, 908–09 (1997) (quoting *Harris v. Nelson*, 394 U.S. 286, 300 (1969)); *LaFevers v. Gibson*, 182 F.3d 705, 723 (10th Cir. 1999).

[3] Rules Governing Section 2254 Cases, Rule 6(b) advisory committee notes.  Rule 6 of the Section 2254 rules is "fully applicable to discovery under these rules for § 2255 motions."  *See* Rule 6 of the Rules Governing Section 2255 Proceedings, advisory committee notes.

[4] *Bracy*, 520 U.S. at 909.

the facts are fully developed through discovery; (2) copious information documenting Morehead's alleged pattern of misconduct already exists in the public domain, making discovery unwarranted; and (3) Gutierrez does not allege or substantiate that Morehead's alleged threats and demands actually prejudiced him, either by causing him to involuntarily enter his plea or causing him to lie about drug quantities upon which his sentence was partially based, also making his claims subject to summary dismissal even if the facts are fully developed through discovery.

The Court first addresses the "good cause" prong of Rule 6.  On this point, the Court finds *Bracy v. Gramley* instructive.[5]  In *Bracy*, the Supreme Court unanimously found a defendant made a sufficient factual showing to establish "good cause" under Rule 6(a) to further investigate whether judicial bias occurred where the defendant detailed the trial judge's documented corruption, coupled with particular allegations about counsel appointment and trial circumstances.[6]  Gutierrez analogizes his facts to *Bracy's*, arguing Morehead's documented misconduct in other cases coupled with Gutierrez's specific allegations here warrant good cause to further develop the factual record.

The Government disagrees and argues no good cause exists "because copious reporting on Morehead's alleged pattern of misconduct exists in the public domain and is accessible to Defendant online."[7]  However, the Government's argument on this point misunderstands what *Bracy* requires.  *Bracy* does not inquire whether the documented misconduct was in the public domain for the purpose of determining whether good cause exists to grant additional discovery, nor does the Government provide the Court authority supporting this position.  Indeed, the very

---

[5] 520 U.S. 899 (1997).

[6] *Id.* at 908–09 (quotation omitted).

[7] *See* Doc. 427 at 15.

nature of the *Bracy* inquiry necessitates documented misconduct in instances unrelated to the movant be known to the petitioner, which seemingly requires such information be in the public domain.[8]

Next, the Government contends Gutierrez has never argued that he suffered actual prejudice by Morehead's alleged misconduct.  The Court disagrees.  Gutierrez does argue prejudice, including through the affidavit of co-Defendant Karen Ortega.  For example, Gutierrez alleged in his initial *pro se* pleadings, and Ortega's affidavit corroborated, that Morehead made coercive threats regarding Gutierrez's children. [9]

Additionally, Gutierrez alleges Morehead manipulated the attributed drug quantity by weaponizing codefendants' statements.  Further, at the April 1, 2026, hearing, Gutierrez's counsel argued additional discovery as to the timeline of Morehead's coercive threats is needed to establish whether the actual prejudice affected the voluntariness of his plea.  If these facts are developed, Gutierrez may be able to demonstrate he is entitled to relief.  As such, "it is the duty of the court to provide the necessary facilities and procedures for an adequate inquiry."[10]

Finally, the Government argues Gutierrez did not timely file his Ground One claim, so it is subject to summary dismissal even if the facts are fully developed through discovery. Gutierrez argues that his motion is timely under § 2255(f)(4) but seeks additional discovery to build a complete timeliness record, including discovery establishing the date Gutierrez learned of the disbarment, the date the order became public, and the specific evidence gathered in the

---

[8] *Bracy*, 520 U.S. at 909 (emphasizing that "it would be an abuse of discretion not to permit any discovery" where the petitioner supplied evidence of a judge's abuse at his trial and evidence of that judge's publicly documented corruption in unrelated instances).

[9] The Court notes Gutierrez proceeded *pro se* at the time of this filing, so the Court construes this pleading liberally.  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[10] *Harris v. Nelson*, 394 U.S. 286, 300 (1969).

disciplinary proceeding must all be established.  Section 2255(f)(4) runs the limitations period from "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence."[11]  The Court agrees and will address timeliness under § 2255(f)(4) following additional discovery as granted below.

### B.  Ground Three Claim (Newly Discovered Evidence)

Ground Three of Gutierrez's § 2255 motion alleges the newly discovered evidence of Morehead's license surrender and resulting disbarment raise substantial doubts about the fairness of his proceedings.  The Government argues Gutierrez is not entitled to relief on this Ground because: (1) it does not present a cognizable claim for relief under § 2255, making it subject to summary dismissal; (2) the Order of Disbarment does not reflect that Morehead committed misconduct in any case, let alone Gutierrez's case, and therefore cannot serve as a stand-alone ground for relief; and (3) Gutierrez does not prove prejudice, which is fatal to his § 2255 claim.

The Court understands Gutierrez's Ground Three claim as advancing the factual predicate to his timeliness argument under § 2255(f)(4): that the Kansas Supreme Court's Order of Disbarment was issued on April 26, 2024, and that Gutierrez discovered that order on April 18, 2025.  As above, the Court finds good cause warrants additional discovery before the Court can address timeliness under § 2255(f)(4), including whether equitable tolling independently preserves Gutierrez's claims.

### C.  Requested Discovery

Having found good cause exists under Rule 6(a), the Court turns its inquiry to Rule 6(b) to make certain that the requested discovery is relevant and appropriately narrow.  Gutierrez requests the following seven categories of discovery:

---

[11] 28 U.S.C. § 2255(f)(4).

(1) debriefing and proffer documentation; (2) communications about drug quantity and cooperation credit; (3) communications and notes regarding family or child-custody leverage; (4) drafting history for key sentencing and cooperation filings; (5) agent and prosecutor meeting logs; (6) disciplinary records; and (7) codefendant sentencing comparators.

The Government argues Gutierrez's discovery request is broad and untargeted, essentially requesting "unlimited documentation from both Morehead's files and from the files of the law enforcement agencies she worked with during the entirety of her career with the U.S. Attorney's office that involved her prosecution of drug cases."[12]  However, at the April 1, 2026, hearing, Gutierrez's counsel clarified that he is not seeking all of Morehead's history; rather, Gutierrez only seeks documents related to Gutierrez's and his co-defendants' case.  In light of this clarification, the Court grants the following requested discovery:

1. **Debriefing and proffer documentation**;
   - o   All notes, memoranda, reports (DEA-6, FBI 302, and state-agency equivalents), recordings, and agent or prosecutor debrief summaries reflecting: (a) drug-quantity discussions; (b) statements attributed to any codefendant or witness about drug quantity; and (c) any direction to adjust, correct, or conform Gutierrez's account to match another person's statement.
2. **Communications about drug quantity and cooperation credit**;
   - o   All emails, texts, messaging-application communications, and internal correspondence between the USAO and agents—or among agents— referencing any decision to increase attributed drug quantity for Gutierrez; any decision to reduce or threaten to reduce cooperation consideration based on drug-quantity disputes; or any discussion of whether Gutierrez was being "truthful," "credible," or in danger of losing cooperation credit.
3. **Communications and notes regarding family or child-custody leverage**;
   - o   Any notes, reports, emails, or internal correspondence referencing Gutierrez's children, custody, child protective services, foster care, or any discussion of family consequences as leverage in cooperation, proffer, or plea discussions.

---

[12] Doc. 427 at 14.

4. **Drafting history for sentencing and cooperation filings, including any version histories of those final products**;
   - o Drafts and edit histories (including tracked changes where available) for: the § 5K1.1 motion and any supporting memoranda; any sentencing memoranda addressing credibility or cooperation; and any internal talking points or outlines used for the government's sentencing presentation.
5. **Agent and prosecutor meeting logs**;
   - o Calendars, meeting notes, or logs reflecting dates and times of meetings with Gutierrez (and/or his counsel) at which cooperation, drug quantity, or family and custody issues were discussed.
6. **Co-defendant sentencing comparators**; and,
   - o Cooperation agreements and sentencing memoranda for Gutierrez's codefendants.
7. **Disciplinary records**.
   - o The Kansas disciplinary authority's investigation files, complaint records, and hearing records relating to Morehead, to the extent they concern conduct in federal criminal prosecutions in this district.

With regards to the last discovery category (disciplinary records), as discussed at oral argument, the Court permits Gutierrez's counsel to subpoena Morehead's disciplinary records. However, the Court asks that the subpoena direct the disciplinary records be produced directly to the Court.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant Gutierrez's Motion for Discovery Under Rule 6 of the Rules Governing 28 U.S.C. § 2255 Proceedings (Doc. 420) is **granted**; the Court finds Defendant has established good cause and authorizes Defendant to conduct the additional discovery outlined above.

**IT IS SO ORDERED.**

Dated: April 1, 2026

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE